**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

COLONEL I. NELSON,

    Petitioner,

v.

                                                                              CASE NO: 8:10-cv-2701-T-30MAP
                                                                              Crim. Case No: 8:08-cr-435-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's *pro se* Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 United States Code Section 2255 filed on December 27, 2010 (CV Dkt. #5), Memorandum in Support filed on December 27, 2010 (CV Dkt. #6), and the Government's Response filed on March 4, 2011 (CV Dkt. #9). Petitioner did not file a reply.

**BACKGROUND**

Petitioner, Colonel I. Nelson ("Nelson" or "Petitioner"), pled guilty pursuant to a plea agreement to one count of conspiring to possess with intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). This Court accepted Nelson's guilty plea and adjudicated him guilty.

Petitioner was sentenced to 160 months imprisonment, which is within the statutory range of ten years to life imprisonment and is below the guideline imprisonment range of 262

to 327 months.

On December 27, 2010, Nelson filed this Section 2255 motion asserting ineffective assistance of counsel and a sentencing error regarding his status as a "career offender."

## **TIME BAR**

The Anti-Terrorism and Effective Death Penalty Act established a one-year limitation period during which a defendant may file a collateral motion for relief from his conviction and sentence. The one-year limit starts running from the latest of: "(1) the date the judgment of conviction becomes final; (2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; (3) the date on which the right asserted was recognized by the United States Supreme Court; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

Nelson did not file a notice of appeal, so his judgment became final on May 6, 2009, ten business days after his judgment of conviction was entered on April 22, 2009. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (when a defendant does not pursue a direct appeal, a conviction becomes final when the time for filing a direct appeal expires). Nelson filed this Section 2255 motion on December 27, 2010, over a year after his judgment became final.

Petitioner asserts he is actually innocent of his "career offender" status upon which he was sentenced. The Eleventh Circuit, however, has "never held that an 'actual innocence'

exception exists to AEDPA's one-year statute of limitations." *Justo v. Culliver*, 317 Fed.Appx. 878, 880 (11th Cir. 2008) (unpublished opinion). Assuming for the sake of discussion that such an exception exists, "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for actual innocence." *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1218 (11th Cir. 2000). In defining "actual innocence," the Eleventh Circuit has recognized innocence of a crime, but not actual innocence of a sentence. *Gilbert v. United States*, ---- F.3d ----, No. 09-12513, 2011 WL 1885674, *25 (11th Cir. May 19, 2011). "A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." *Id.*

In order to prove actual innocence, a petitioner must prove that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1988) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). In doing so, a petitioner must produce "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006).

Even if an actual innocence exception applied to a sentence and could overcome the one-year time limit, Nelson would still fail to make a threshold showing of his innocence. In his motion, Nelson simply stated that he is innocent of the "career offender" status with

no new supporting evidence. Thus, Nelson is time-barred from bringing this petition.

Though this petition must be dismissed as time barred, the Court will address the merits of the claims by way of explanation that the petition would have failed in any event.

## WAIVER

Title 28 U.S.C. § 2255 allows a petitioner to seek collateral review to vacate and set aside a judgment if a court finds that the judgment was rendered without jurisdiction, if the sentence imposed was not authorized by law or otherwise open to collateral attack, or if there has been a denial or infringement of the prisoner's constitutional rights as to render the judgment vulnerable to collateral attack.

In Nelson's plea agreement, however, he expressly waived his right to appeal or challenge his sentence collaterally on any ground other than three exceptions: "(a) the ground that the sentence exceeds the applicable guideline range as determined by the Court; (b) the ground the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a)." CR Dkt. #51 ¶ 5. "Waivers are valid if made knowingly and voluntarily." *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005) (paraphrasing *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993)).

At the change-of-plea hearing, Nelson confirmed that he understood the appeal waiver and that he agreed to it knowingly and voluntarily. CR Dkt. #102 ¶ 11-12, 15. Nelson's

instant collateral challenge does not fall within any of the exceptions listed in the waiver. Thus, Petitioner is barred from bringing this challenge due to his appeal waiver.

## MERITS

**Ground One:** **Ineffective Assistance of Counsel For Failure to Challenge Petitioner's Status as a "Career Offender"**

Nelson alleges a denial of his Sixth Amendment constitutional right to counsel. The standard of whether a defendant failed to receive effective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A presumption that defendant's counsel was competent exists, and the burden is on the petitioner to prove otherwise. *United States v. Cronic*, 466 U.S. 648, 658 (1984). A petitioner must show "by preponderance of competent evidence," *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000), that "his counsel's performance was deficient" and that the deficient performance prejudiced the outcome of his case. *Strickland*, 466 U.S. at 694. In particular, under the first *Strickland* prong, a defendant must establish that his counsel's performance "fell below an objective standard of reasonableness...under prevailing professional norms." *Id*. at 688. Under the prejudice prong, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

Here, Nelson fails to meet his burden of proof in establishing either prong of the *Strickland* test. Petitioner's counsel's performance did not fall below an objective standard

in failing to object to Nelson's status as a career offender, since under the guidelines and due to his prior convictions, Petitioner is one. In his petition, Nelson alleged that two of his prior convictions of cocaine possession and a plea of "nolo contendere" on a trespassing charge do not count toward a "career offender" designation. However, these were not the crimes used to constitute Nelson's "career offender" status. P.S.R. ¶ 32.

In defining Petitioner as a "career offender" under Federal Sentencing Guideline § 4B1.1, this Court used Nelson's prior "controlled substance offense" of possession of cocaine with intent to sell or deliver and a prior conviction of escape, which is considered a "crime of violence" under F.S.G. § 4B1.2. *See Id.*; *United States v. Gay*, 251 F.3d 950, 954 (11th Cir. 2001). Since Petitioner was sentenced, there has been no change in the law that would affect his career offender status. Even if there had been, "[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop." *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) (citations omitted). And, Nelson fails to meet the prejudice prong, as he has not shown that his sentence would have been lessened had his counsel done anything differently.

**Ground Two:**     **Sentencing Error that Petitioner is Not a "Career Offender"**

Nelson also brings a separate ground alleging that his sentence was improperly calculated because he was not a "career offender." "A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Phillips*, 225

F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n. 5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). Addressing whether a sentencing error claim may be brought in an initial Section 2255 motion, the Eleventh Circuit stated, "[w]e have no reason to decide whether to write that concession into the law of this circuit because Gilbert was not sentenced in excess of the statutory maximum for his crimes." *Gilbert v. United States*, ---- F.3d ----, No. 09-12513, 2011 WL 1885674, *11 (11th Cir. May 19, 2011).

Like in *Gilbert*, Nelson's sentence was not in excess of the statutory maximum; thus, he may not bring a sentencing error claim in a Section 2255 motion, as it does not come under any of the recognized categories of relief.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #5) is DISMISSED.

2. The Clerk is to terminate any pending motions and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate (CR Dkt. #100) found in the underlying criminal case, case number 8:08-cr-435-T-30MAP.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on June 22, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2010\10-cv-2701.deny 2255.wpd