**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

COLONEL I. NELSON,

    Petitioner,

v.                                      Case No: 8:16-cv-1715-T-30MAP
                                         Crim. Case No: 8:08-cr-435-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner Colonel I. Nelson's Petition for Equitable Relief or Remedy at Law, which the Court construes as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1). By his motion, Petitioner asserts that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), *declared retroactive by Welch v. United States*, No. 15-6418, 2016 WL 1551144 (Apr. 18, 2016). Because Petitioner's motion is an unauthorized, successive § 2255 motion, it should be dismissed.

## BACKGROUND

Pursuant to a plea agreement, Petitioner entered a guilty plea to (1) conspiring to possess with intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). (CR Docs. 51-59). On April 24, 2009, the Court sentenced Petitioner to 160 months'

imprisonment. (CR Doc. 73). On December 27, 2010, Petitioner filed a motion pursuant to § 2255, which was dismissed as time barred. *See Nelson v. United States*, No. 8:10-cv-2701-T-30MAP (M.D. Fla. 2011).

## DISCUSSION

Petitioner's present § 2255 motion is a second or successive motion. Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move in the appropriate court of appeals for an order authorizing the district court to consider the second or successive motion. *See* 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has not received authorization to file a second or successive habeas petition from the Eleventh Circuit, this Court lacks jurisdiction to consider his motion and it should be dismissed. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the appropriate court of appeals, a] district court lacks jurisdiction to consider a second or successive petition.").

However, for Petitioner's benefit, the Court notes that Petitioner would not be entitled to relief under *Johnson*. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, ("ACCA"), § 924(e)(2)(B)(ii), defining a violent felony as a crime "involv[ing] conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563.

Petitioner, however, was not sentenced under the ACCA. Rather, Petitioner was sentenced pursuant to the career criminal guideline United States Sentencing Guideline § 4B1.1. (PSR at ¶ 32). In *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015), the Eleventh Circuit held that the Supreme Court's decision in *Johnson* did not apply to U.S.S.G. § 4B1.2.[1] This Court is bound by that decision. Thus, Petitioner would not be entitled to relief under *Johnson*.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Colonel I. Nelson's construed Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is DISMISSED.

---

[1] The United States Sentencing Commission recently adopted amendments to the guidelines which included, among other things, removal of the residual clause from U.S.S.G. § 4B1.2. The amendment becomes effective August 1, 2016. The amendment is not retroactive.

2. The Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of July, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record